UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAVAN'TE FRANCIS | CASE NO. |
| VERSUS | JUDGE |
| SCOT SPRENCEL,<br>BALD EAGLE TRANSPORTING LLC,<br>and HUDSON INSURANCE COMPANY | MAGISTRATE |

**NOTICE OF REMOVAL**

Defendants, Scot Sprencel, Bald Eagle Transporting, LLC and Hudson Insurance Company (collectively "Defendants"), hereby remove the action captioned "*Javan'te Francis versus Scot Sprencel, Bald Eagle Transporting LLC, and Hudson Insurance Company,*" bearing case number C-20225285 on the docket of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division. In support of this Notice of Removal, Defendants plead the following grounds:

I.

On October 4, 2022, this civil action was filed by plaintiff, Javan'te Francis ("Plaintiff"), in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, bearing case number C-20225285. Plaintiff seeks to recover damages for personal injuries allegedly sustained in a motor vehicle accident involving a vehicle owned by defendant, Bald Eagle Transporting, LLC, which at the time was driven by its employee, Scot Sprencel, and allegedly insured by

Hudson Insurance Company. *See generally*, Petition for Damages ("Petition"), attached hereto as Exhibit "A."

## THE PARTIES ARE DIVERSE IN CITIZENSHIP

II.

Plaintiff, Javan'te Francis, was at the time of the filing of this action a Louisiana domiciliary. *See,* Petition, Exh. A, at introductory paragraph.

III.

Defendant, Scot Sprencel, was at the time of the filing of this action a Texas domiciliary.

IV.

Defendant, Bald Eagle Transporting, LLC, was at the time of the filing of this action a foreign limited liability company organized under the laws of Texas, with one member, James Richard Pierce, who was at the time of the filing of this action a Texas domiciliary.

V.

Defendant, Hudson Insurance Company, was at the time of the filing of this action a foreign insurance company incorporated under the laws of Delaware, with its principal place of business in New York.

VI.

Considering the above, complete diversity exists in this matter brought by a Louisiana citizen against citizens of Texas, Delaware and New York.

## ALL DEFENDANTS CONSENT TO REMOVAL

VII.

This Notice of Removal is filed on behalf of all named Defendants, all of which consent

to removal as required under 28 U.S.C. §1446 (b)(2)(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS THE COURT'S JURISDICTIONAL THRESHOLD

VIII.

It is not apparent on the face of Plaintiff's Petition that the action is within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Petition fails to describe with any degree of specificity the extent of the alleged injuries or damages sustained by Plaintiff. Rather, it is only generally alleged that the accident caused Plaintiff to sustain "serious injuries," for which he seeks damages for past, present and future physical pain and suffering, mental anguish, disability and/or impairment, lost wages, loss of earning capacity, loss of enjoyment of life, and medical expenses. *See,* Petition, Exh. A, at ¶¶ 6 and 11.

IX.

Before suit was filed, however, Defendants received a written settlement demand which clearly shows that the amount in controversy exceeds the Court's jurisdictional threshold of $75,000, exclusive of interest and costs. Specifically, through correspondence dated September 16, 2022, Defendants received a demand for "policy limits," which contains a summary of alleged medical costs incurred to date totaling $33,837.63, and references certain medical records which include:

1) A cervical MRI report dated January 13, 2022, interpreted by the reading radiologist as showing disc herniations at C3-4 and C5-6 with nerve impingement, as well as a disc bulge with foraminal narrowing at C6-7.

    2) A lumbar MRI report dated April 9, 2022, interpreted by the reading radiologist as showing a disc bulge at L5-S1 with foraminal narrowing.

    3) Records from Plaintiff's treating neurosurgeon, Dr. Jayme Trahan of Lafayette Bone and Joint Clinic, showing:

        (a) Based on his review of Plaintiff's MRIs, Dr. Trahan has confirmed cervical and lumbar herniations at multiple levels;

        (b) Plaintiff underwent a cervical epidural injection at C7-T1, as well as bilateral facet injections at L4-L5 and L5-S1, on June 21, 2022; and

        (c) In response to Plaintiff's continued complaints of pain following injection therapy, Dr. Trahan has recommended bilateral medial branch blocks at L4-5 and L5-S1, and radiofrequency ablation ("RFA") if the blocks are successful.

*See, Declaration of Counsel* attached hereto as Exhibit "B," at ¶ 3, with settlement demand and medical records attached thereto.

X.

While liability and damages are disputed, the records summarized above evidence that the amount in controversy exceeds the Court's jurisdictional threshold of $75,000. Specifically, in addition to the "policy demand" and alleged $33,837.63 in medical costs incurred to date, general damages awarded in cases involving disc protrusions/herniation, for which injection therapy is administered, exceed $75,000. *See, e.g.*, *Riddle v. Geico General Ins. Co.*, No. 650456 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, as summarized at 2018 WL 7141267 (awarding $80,000 in general damages for disc bulge at L4-L5 with radiculopathy for which plaintiff underwent one injection); *Zalenski v. Bayou Liberty Water Association, et al.,* No. 2010-11116 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, as summarized at 2013 WL 7792185 (awarding $75,000 in general

damages for herniated lumbar disc at L4-5 with facet arthrosis); *Bruno v. State Farm Mut. Auto Ins.*, No. 2004-0096 on the docket of the 15th Judicial District Court for the Parish of Lafayette, as summarized at 2005 WL 2874720 (awarding $90,000 in general damages for bilateral joint arthropathy at L4-5 and constrictions at L4-5 and L5-S1 for which plaintiff underwent a lumbar steroid injection); *Martin v. ERMC, II*, 2009-491 (La. App. 3 Cir. 11/4/2009), 23 So.3d 1008, 1011 (affirming general damage award of $103,00 for cervical and lumbar strain with treatment including injection therapy; $17,134 in past medical bills).[1]

## THIS COURT HAS DIVERSITY JURISDICTION

XI.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441 because the parties are diverse in citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

XII.

In compliance with the requirements of 28 U.S.C. §1446 (b)(1), this notice of removal is filed "within 30 days after the receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See, Delgado v. Shell Oil Co.,* 231 F.3d 165 (5th Cir. 10/19/2000) (holding

---

[1] *See also, Trahan v. Deville*, 2005-1482 (La. App. 3 Cir. 5/10/2006), 933 So.2d 187, 192 (awarding $75,000 in general damages to young woman who sustained unspecified neck and back injuries resulting in injection therapy; $22,938.45 in past medical bills); *Duchamp v. State Farm Mut. Auto. Ins. Co.*, 2005-339 (La. App. 3 Cir. 11/2/2005), 916 So.2d 498, 506 (affirming trial court's award of $135,000 in general damages for treatment including three cervical epidural steroid injections; $25,000 in past medical bills); *Fontenot v. Laperouse*, 00-130 (La. App. 3 Cir. 11/2/00), 774 So.2d 278 (recognizing that multiple Louisiana courts have awarded damages in excess of $75,000 for herniated discs, even when these injuries do not necessitate surgery).

formal service of state court process is not a prerequisite to removal once the removing parties know of the commencement of an action).

XIII.

In compliance with 28 U.S.C §1446 (a), a copy of all process, pleadings and orders served upon Defendants to date in state court are made part of Exhibit "A."

XIV.

In compliance with 28 U.S.C. §1446 (d), Defendants hereby certify that this notice of removal is being served contemporaneously herewith to all adverse parties, and to the Clerk of Court of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

**WHEREFORE**, defendants, Scot Sprencel, Bald Eagle Transporting, LLC and Hudson Insurance Company, pray that this cause be removed from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Western District of Louisiana, Lafayette Division.

Respectfully submitted,

   /s/ *Susan M. Caruso*
M. Davis Ready, T.A. (Bar No. 24616)
Susan M. Caruso (Bar No. 27195)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Email:    davisr@spsr-law.com
             susanc@spsr-law.com

*Attorneys for Defendants, Scot Sprencel, Bald Eagle Transporting, LLC and Hudson Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been served upon all counsel of record by facsimile, electronic mail, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 2nd day of November, 2022.

                                                     */s/ Susan M. Caruso*